# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

James N. Howard,
    Petitioner


      vs.                         Case No. 1:04cv784
                                    (Beckwith, C.J.; Hogan, M.J.)


Jeffrey Wolfe,
    Respondent

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed with the assistance of counsel a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court on respondent's motion to dismiss, wherein respondent argues that the petition is subject to dismissal with prejudice because petitioner has waived his grounds for relief due to his procedural default in the state courts.  (Doc. 3, pp. 5-8).  Petitioner has filed a reply in opposition to the motion to dismiss (Doc. 5), to which respondent has filed a response (Doc. 6).

## Procedural Background

In this action, petitioner challenges his January 31, 2002 child endangerment conviction in the Butler County, Ohio, Court of Common Pleas, which resulted in the imposition of a seven (7) year sentence followed by a mandatory term of five (5) years in post-release control.  (*See* Doc. 1, p.2; *see also* Doc. 3, Exs. C-D).

With the assistance of counsel, petitioner appealed his conviction to the Ohio

Court of Appeals, Twelfth Appellate District, claiming as assignments of error that (1) the trial court erred in excluding certain statements as "inadmissible hearsay," and (2) the trial court erred in refusing to dismiss the second count of the indictment based on insufficiency of the evidence. (Doc. 3, Ex. E). On April 18, 2003, the Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. G). Petitioner attempted to appeal this decision to the Ohio Supreme Court, raising as propositions of law the same two claims of error. (*Id.,* Ex. H). On July 16, 2003, the Ohio Supreme Court summarily denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. J).

Thereafter, on July 21, 2003, petitioner filed a pro se application to reopen his appeal pursuant to Ohio R. App. P. 26(B) in the Ohio Court of Appeals, Twelfth Appellate District. (*See id.,* Ex. K). In his application, petitioner apparently alleged he was denied effective assistance of appellate counsel, because his counsel on appeal failed to assert as additional assignments of error that petitioner was denied effective assistance of counsel at trial and that petitioner's conviction was against the "weight of the evidence." (*See id.,* p. 1). On September 17, 2003, the Court of Appeals denied petitioner's application for reopening. (*Id.*).

Respondent states that petitioner did not appeal the Ohio Court of Appeals' denial of his reopening application to the Ohio Supreme Court. (*Id.,* Brief, p. 4). In reply, petitioner contends that petitioner must have attempted to appeal this decision to the Ohio Supreme Court, because the record reflects that the Ohio Supreme Court dismissed an appeal by petitioner in the reopening proceeding on November 19, 2003. (Doc. 5, p. 2). Respondent, however, has refuted petitioner's contention by submitting additional exhibits, which clearly demonstrate that the Ohio Supreme Court's November 19, 2003 entry was "related to an appeal that had been filed on August 18, 2003, long before the application to reopen was disposed of by the court of appeals." (Doc 6, Brief, p.1, & Exs. M-N; *see also* Doc. 3, Ex. L, Supreme Court of Ohio Case Information ). As respondent points out (*see* Doc. 6, Brief, p. 2), in his Memorandum In Support of Jurisdiction filed pro se on August 18, 2003, petitioner only sought to challenge the Ohio Court of Appeals' decision on July 10, 2003 denying his request for appointment of counsel in the reopening matter. (*See id.,* Ex. M).

Petitioner's counsel filed the instant federal habeas corpus petition on

2

November 17, 2004. In the petition, petitioner alleges three grounds for relief. (Doc. 1, pp. 5-6 & Memorandum In Support, pp. 3, 7, 15). He contends that (1) he is "actually innocent of the count of conviction" (Ground One); (2) he was denied effective assistance of counsel on direct appeal (Ground Two); and (3) the trial court violated his right to a jury trial in determining his sentence (Ground Three). (*Id.*). Respondent maintains that petitioner has waived these grounds for relief, because he failed to present his actual innocence and sentencing claims alleged in Grounds One and Three of the petition to any state court and because he failed to appeal the Ohio Court of Appeals' decision addressing the ineffective assistance of appellate counsel claim alleged in Ground Two of the petition to the Ohio Supreme Court. (Doc. 3, Brief, pp. 7-8).

## OPINION

### Petitioner Has Waived His Claims For Habeas Relief
### Due To His Procedural Defaults In The State Courts

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the

merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default by failing to raise the claims alleged in Grounds One and Three of the petition to the state courts. He also procedurally defaulted the ineffective assistance of appellate counsel claims alleged in Ground Two of the petition by failing to perfect an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' final decision denying his application to reopen his appeal for consideration of such claims. *Cf. Leroy,* 757 F.2d at 97, 99-100. Moreover, it does not appear there is any available avenue of relief remaining in the state courts for petitioner to pursue these claims of error.

With respect to the ineffective assistance of appellate counsel claim alleged in Ground Two of the petition, the Ohio Supreme Court's Rules of Practice expressly provide that "the provision for delayed appeal" only applies to appeals on the merits and "does not apply to appeals involving postconviction relief, including appeals brought pursuant to . . . App. R. 26(B)." *See* Rule II, § 2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio; *cf. Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004) (holding that an application for reopening of the appeal under Ohio R. App. P. 26(B) is a state collateral post-conviction remedy rather than part of the direct appeal). There also does not appear to be any post-conviction remedy that remains available in the state courts for petitioner to pursue his remaining grounds for relief.

Because petitioner never brought the claims alleged in Grounds One and Three of the petition to the state courts' attention and did not provide the highest state court in Ohio with an opportunity to correct the error alleged in Ground Two of the petition, petitioner has waived his grounds for habeas relief unless he shows cause for the defaults and actual prejudice as a result of the alleged errors or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Leroy,* 757 F.2d at 97, 99-100; *see also Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not provided any justification as "cause" for his procedural defaults; therefore, his procedurally

4

defaulted claims are not subject to review under the "cause" and "prejudice" standard.

Petitioner does argue, however, that he has "set forth a strong enough case of actual innocence to overcome any procedural default of the claims." (Doc. 5, p. 2). In order to establish that a "fundamental miscarriage of justice" will occur if his procedurally defaulted claims are not considered on the merits, petitioner must show that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crime charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005) (upholding equitable tolling of one-year statute of limitations governing habeas petitions "based on a credible claim of actual innocence").

Under this standard, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup,* 513 U.S. at 327-28 (citing with approval the standard enunciated by Judge Friendly in a 1970 law review article, *Is Innocence Relevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 145 (1970)). To be credible, a claim of actual innocence requires petitioner to support his allegations "with new reliable evidence . . . that was not presented at trial" either because it was wrongly excluded or unavailable at the time of trial. *Schlup,* 513 U.S. at 324. Establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999). In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Schlup,* 513 U.S. at 327.

Here, petitioner relies on the following evidence in support of his "actual innocence" claim: (1) an article published in a British medical journal on March 27, 2004, which petitioner argues "calls into question the medical basis for finding shaken baby syndrome"; and (2) reports regarding petitioner's case from two doctors, who opined that it is likely the victim's brain injury occurred during the birth process and was not the result of any child abuse or damage inflicted by petitioner in shaking the baby. (Doc. 1, Exs. A-C). First, this Court concludes that although the 2004 British medical journal article was obviously unavailable at the time of petitioner's trial and conviction in 2002, it was only arguably marginally relevant as it did not address the

5

particular facts posed by the case-at-hand. Without considering the issue as to whether or not the opinions stated in the article are "reliable," or generally accepted within the medical community at large, it is highly doubtful that the article would have had any impact on the jury's verdict in this case.

Second, with respect to the new expert opinions specifically considering the facts of this case, petitioner has neither argued nor otherwise shown that such testimony was unavailable to him at the time of his trial. Indeed, it appears from the record presented that defense counsel in fact called an expert witness at trial, who provided essentially the same opinion as the "new" experts to the effect that the victim's injury could have existed since birth and "had to have occurred at least several weeks to months prior to" the incidents charged in the indictment against petitioner. (*See* Doc. 3, Ex. E, pp. 10-11; Ex. F, p. 6). The State, on the other hand, presented expert testimony to support its contrary position that the victim's injuries were recently incurred and were "a result of injury to the brain caused by being shaken." (*See id.,* Ex. E, pp. 7, 9-10; Ex. F, pp. 4-6). The testimony of the two additional expert witnesses in petitioner's favor was merely cumulative. Upon review of all the evidence set forth in the present record, including petitioner's "new" evidence, the State's contradictory expert witness testimony and other evidence implicating petitioner in the two incidents in April 2001 that resulted in 911 calls and the victim's emergency treatment, this Court concludes that petitioner has not shown it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Accordingly, because petitioner has not made a sufficiently credible showing of his "actual innocence" in this case, the Court concludes that petitioner has waived his claims for habeas corpus relief and has not demonstrated that a "fundamental miscarriage of justice" will occur if his claims are not considered on the merits. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 3) be GRANTED, and that the instant petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 3) be GRANTED and petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice on the ground that petitioner has waived his claims for

relief.

2.  A certificate of appealability should issue with respect to any Order adopting this Report and Recommendation to dismiss the claims alleged in the petition with prejudice on procedural waiver grounds, because pursuant to the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable (1) whether this Court is correct in its procedural ruling, and (2) whether petitioner has stated viable constitutional claims for relief in the petition to the extent that the issues presented therein are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack,* 529 U.S. at 484 (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith" and, therefore, GRANT petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  9/1/2005                       s/Timothy S Hogan
        cbc                         Timothy S. Hogan
                                    United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\04-784mtd-waiv.grant.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James N. Howard,
        Petitioner,

                                        Case No. 1:04cv784
        v.                              (Beckwith, C.J.; Hogan, M.J.)

Jeffrey Wolfe,
        Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).